### J. PERKINS *v.* A. DOUGLASS—G. W. HULSE, Warrantor.

Counsel who made a certain admission on the minutes of the Court, not permitted to lessen its effect by his own testimony, showing that it was not authorized by his client, and that he made it from the statement of a witness whom he believed, and by whose affidavit, produced, it appeared that the witness did not state quite so much as was covered by the admission.
Code, 3400.

APPEAL from the District Court, Tenth District, Parish of Tensas, *Farrar*, J. *J. P. Farrar*, for plaintiff. *Reeves*, for defendant and appellant. *Snyder*, for warrantor.

MERRICK, C. J. This action was commenced on the 19th day of September, 1854. The warrantor, *Hulse*, acquired title to the land in controversy from *Compton*, in February, 1843, by a formal deed translative of property. The record contains the following admissions entered on the minutes of the court, viz:

"It is admitted by plaintiff that *Dr. Hulse* went upon the property named in the deed from *Compton* in January, 1844, that he and his vendee have occupied and cultivated part of the same as a cotton plantation ever since."

We think that full effect ought to be given to this admission formally entered upon the minutes of the court. If it was fraudulently made and possibly if made in error, induced by the statements of the opposing party, it might be set aside on a rule. But we do not think that the counsel, who made it, ought to be permitted to lessen its effect by his own testimony to show that he was not authorized to make the admission by his client, and that he made it from the statement of a witness whom he believed, and by whose affidavit, produced by the plaintiff, it afterwards appeared that the witness did not testify to quite so much as covered by the admission.

The defendant had a right to rely on the admission which was volunteered by the plaintiff to facilitate the trial, and he cannot legally be deprived of it by the mistaken motives which induced the plaintiff's attorney to make it.

Although the tract of land sold by *Compton* to *Hulse* is described by the sub-divisions of the land office, yet the same (it may fairly be inferred) were lying contiguous and were placed together in the act of sale for the purpose of forming a plantation. The entry, therefore, upon and possession of a part must be held, we think, to be a possession of the whole included within the boundaries embraced in the Act of sale. C. C. 3400.

We think, therefore, that the plea of prescription ought to have been sustained.

It is, therefore, ordered, adjudged and decreed by the court that the judgment of the lower court be avoided and reversed, and that there be judgment against the demand of the plaintiff and in favor of the defendant, and that the plaintiff pay the costs of both courts.