SAVOY, Judge.
This is an action ex delicto instituted by plaintiff against Joseph C. Clement, an employee of Rice Mills Distributing Company, Rice Mills Distributing Company, and its insurer, The Travelers Indemnity Company, resulting from an intersectional collision which occurred between a vehicle driven by plaintiff and a truck driven by Joseph C. Clement and owned by Rice Mills Distributing Company.
After a trial in the district court, plaintiff was granted judgment in the sum of $2,832.50 against all of the defendants in solido. Defendants perfected a suspensive appeal to this court. Plaintiff answered the appeal asking that the judgment of the district court be amended so as to increase the amount of the judgment to the sum of $4,332.50.
The evidence shows that on the morning of June 4, 1954, at about eleven o’clock a. m., plaintiff was driving his automobile in a westerly direction on Louisiana Highway No. 583, and defendant was driving a truck in a northerly direction on Highway No. 117. Both highways are gravel surfaced, both are rural roads of equal width. When plaintiff reached the southeast intersection of said highway he slowed his vehicle to approximately ten miles per hour and entered the intersection. Shortly thereafter, his vehicle was struck by the truck driven by defendant Clement.
Plaintiff testified that as’ he approached the intersection he slowed the speed of his car to ten miles per hour and looked to his right; that there was no traffic coming from the right and that he looked to his left, but that his view was obstructed by a cornfield.
This case is governed by the provisions of LSA-R.S. 32:237, subd. A, which provide :
“When two vehicles approach or enter an intersection at approximately the same time, the driver approaching from the right shall have the right of way. The driver of any vehicle traveling at an unlawful rate of speed or in an unlawful manner shall forfeit any right of way which he might otherwise have.”
Since the evidence reflects that the plaintiff was not speeding in the case at bar, under the statute set forth herein the plaintiff had the right-of-way.
Under the facts of the case, we are of the opinion that the trial judge was correct in finding for the plaintiff.
The driver on the favored street is ordinarily not contributorily negligent in proceeding past a blind corner into an intersection at a reasonable speed nor for failing to observe approaching vehicles on the less favored street when the view is blocked. Janice v. Whitley, La.App. 1 Cir., 111 So.2d 852.
In Allen v. State Farm Mutual Automobile Insurance Co., La.App. 2 Cir., 120 So.2d 372, 375, the Court said:
"The general rule is that motorists on rights-of-way streets have a right to assume that traffic approaching the intersection from less-favored streets will observe the law and yield the right of way to traffic on such favored *347 streets, and that such motorists can indulge in this assumption until they see, or should see, that the other motorist has not observed, or is not going to observe, the law. * * *.
“This principle has application at blind corners, or blind intersections, regardless of whether the movement of traffic is controlled or governed by signal lights, stop signs, or the statutory rule as to directional right of way. * jjc * »
The next question for determination is whether the award made by the trial judge should be increased as prayed for by plaintiff in his answer to the appeal.
The district judge did not itemize the items in the award in arriving at a judgment in the case, but granted plaintiff a lump sum amount. The record reflects that the plaintiff owned a Plymouth automobile which was totally demolished and which one appraiser found the damages to the car amounted to $800. The other expert for plaintiff said the car was a total wreck and estimated the damages slightly over $1,000. We are of the opinion that the award of the trial judge of $800 for damages to plaintiff’s car was adequate. The medical expenses resulting from the accident were shown to be $132.50. This item was not objected to, and was proven by plaintiff. Plaintiff sued for $400 for loss of wages. The evidence reflects that the plaintiff lost approximately two months work and that he was earning $10 per day or $50 per week. It is apparent that the district judge allowed plaintiff $400 for loss of wages. This item is reasonable. There remains $1,500 unaccounted for, so it is presumed that this amount was awarded to plaintiff for pain and suffering. All the above amounts when totaled together equal the sum of $2,832.50, which was the award made by the trial judge.
In support of his application for an increase in the award for pain and suffering, plaintiff has cited the cases of LeBourgeois v. Indiana Lumbermens Mutual Insurance Co., La.App. 1 Cir., 101 So.2d 720, Pellegrin v. Canal Insurance Company, La.App. 1 Cir., 111 So.2d 568, Cotton v. American Indemnity Company, La.App. 2 Cir., 116 So.2d 342, and Salter v. Acme Well Point Corporation, La.App. 2 Cir., 116 So.2d 351.
In the case of LeBourgeois v. Indiana Lumbermens Mutual Insurance Co., supra, the Court of Appeal awarded plaintiff $3,000 for personal injuries which included three broken ribs, lacerations, pain and suffering, and possible temporary aggravation of hypertension.
In Pellegrin v. Canal Insurance Company, supra, the district court awarded $3,750 for a fracture of three ribs, lacerations of the chin, lacerations of the upper left leg, both of which required suture, and contusions all over the chest and legs. This award was affirmed by the court of appeal. Plaintiff was hospitalized for approximately six days. He was totally disabled for about 17 days and partially disabled for an unspecified time.
In Cotton v. American Indemnity Company, supra, the court made an award of $4,000 to plaintiff who sustained numerous bruises, cuts, contusions and abrasions. He was rendered unconscious, was partially paralyzed for over a week, and sustained fractures of two ribs, from which he suffered pain for approximately a year after.
In Salter v. Acme Well Point Corporation, supra, $3,500 was awarded to plaintiff who sustained shock, contusions of the left chest and shoulder, torn ligaments at articulations of five ribs, and fractures of two ribs, and who was not able to perform household duties or employment as a nurse for approximately three months after the accident.
In the instant case the medical testimony reveals that plaintiff was knocked unconscious for about twenty minutes, that he was bruised about the face and had a jagged laceration beneath his left eye, which at the time of the trial had disappeared, that lacerations of the face were sutured without *348 residual cosmetic defect, and also that plaintiff had two of his ribs fractured. He recovered from the accident in approximately three months.
After reviewing the cases cited by plaintiff, and the medical testimony in this case, this Court is of the opinion that an award of $2,000 for pain and suffering should be granted plaintiff in this case.
For the reasons assigned, the judgment of the district court is amended so as to increase the judgment from the sum of $2,832.50 to $3,332.50, and as amended, it is affirmed. Defendant is to pay all costs of this suit.
Amended and affirmed.