156 So.2d 462

Elmer PARNELL.

v.

The CONNECTICUT FIRE INSURANCE COMPANY and Alton H. Wilson.

No. 46588.

June 28, 1963.

Rehearing Denied Oct. 9, 1963.

Talley, Anthony, Hughes & Knight, Bogalusa, for defendants-applicants.

Jim W. Richardson, Jr., Bogalusa, for respondent.

SUMMERS, Justice.

This suit for damages and personal injuries was tried on a stipulation of fact. Plaintiff appealed to the Court of Appeal, First Circuit, from a judgment in the trial court dismissing his suit. The court of appeal reversed the judgment of the trial court and awarded judgment in favor of plaintiff on the question of liability, but remanded the case for evidence and a decision as to the amount of quantum.

From the pleadings we learn that plaintiff is Elmer Parnell, 39 years of age and a resident of Washington Parish Louisiana. Defendants are Alton H. Wilson of full age of majority and a resident of the parish of East Baton Rouge, Louisiana, and his public liability insurer, The Connecticut Fire Insurance Company. The prayer of plaintiff's petition seeks judgment against the defendants in the sum of $18,121.00. Defendants' answer is a general denial and contains a plea of contributory negligence on the part of the plaintiff.

The case was tried on a stipulation of fact which must, therefore, form the basis of any decision in this case.[1] It reads as follows:

"It is stipulated by and between counsel for plaintiff and defendants that the defendant, Alton H. Wilson, has standard automobile liability coverage with Connecticut Fire Insurance Company, the terms of which speak for itself, (the policy is not in evidence) that on or about March 10, 1961, the said Alton H. Wilson was parked on Columbia Street in the East parking lane, facing North, in front of B. F. Goodrich Store near Richmond Funeral Home, that about the time he started to pull off into the traffic lane, one Elmer Parnell was proceeding Southwardly on a bicycle also in the East parking lane, that at some time during the pulling off process Mr. Wilson looked over his left shoul-

---

1. LSA–Civ.Code, arts. 11, 1764, 1901; Perkins v. Douglass, 11 La.Ann. 471 (1856); Irving v. E. Sondheimer Company, 126 So.2d 401 (La.App.1960).

der to ascertain whether traffic was coming, that about that time or shortly thereafter a collision occurred between Mr. Wilson's vehicle and Elmer Parnell's bicycle.

"It is further stipulated that the Court takes judicial notice of the Bogalusa City Code with specific reference to the Ordinance that relates to bicycles or the side of the street which they must travel

"It is further stipulated that the report letter of John L. Pepe, M.D. is introduced in lieu of his testimony and that he has submitted one bill in the amount of $46.00 for alleged treatment and one bill in the amount of $10.00 for the report filed herein.

"It is further stipulated that were Mr. Wilson here he would testify that he did not see Parnell or the bicycle before the collision occurred."

Also filed in the record in connection with the stipulation is Dr. Pepe's statement for professional services showing nine office visits during the period from March 10, 1961, to April 7, 1961, for which the total charge is $46.00, and Dr. Pepe's report which shows that plaintiff was first examined by him on March 10, 1961. The report discloses that plaintiff stated at that time that he was riding on a bicycle and was hit by a car, hurting his hands, right hip, left knee and ankles. The doctor diagnosed the injuries as abrasions on left hand, multiple contusions and contusion of the right hip. The plaintiff was discharged on April 7, 1961. Dr. Pepe's statement for $10.00 for the preparation of this report is on file in the record.

■ The trial court and the court of appeal found that the defendant was guilty of negligence and this finding is not contested. The stipulation of fact would support that conclusion for it is clearly negligence for a driver to look over his shoulder while his automobile is in motion without being certain that the path of his vehicle is clear and safe.

The court of appeal was of the opinion that the negligence of plaintiff in violating the traffic laws could not be considered a cause in fact of the collision; that his negligence, if any, was a remote rather than a proximate cause of the accident.

A bicycle, even though not motor driven, was considered to be a vehicle under the laws of this State at the time of this occurrence, LSA–R.S. 32:1(27); it is considered as such since that law's amendment, LSA–R.S. 32:1(65), as amended on August 1, 1962. See, also, Lawrence v. Core, 132 So.2d 82 (La.App.1961). By ordinance of the city of Bogalusa and by the laws of this State, the driver of a vehicle must drive upon the right of the street or highway. LSA–R.S. 32:231 as amended by LSA–R.S. 32:71 on August 1, 1962. No. 21, Section 21–47 of the City of Boga-

lusa Code provides, in part, that "All vehicles shall keep to the right of the center of all streets, and as near as practicable to the right hand curb * * *."

That plaintiff was guilty of the violation of a statute cannot, therefore, be questioned for he was proceeding in the wrong direction on the wrong side of the street. The effect of this violation in the light of the plea of contributory negligence is the question posed by this case.

■ A plea of contributory negligence asserted by a defendant against a plaintiff imposes upon the defendant the burden of proving the plaintiff's negligence and its causal connection to the occurrence in question. Deshotels v. Southern Farm Bureau Casualty Insurance Company et al., 245 La. 23, 156 So.2d 465; Smith v. Borchers, 243 La. 746, 146 So.2d 793 (1962); McCandless v. Southern Bell Telephone & Tel. Co., 239 La. 983, 120 So.2d 501 (1960).

The defendants here contend, however, that they are not required to prove plaintiff's contributory negligence by establishing that the violation of the traffic statutes was a proximate cause or cause in fact of the accident, for such a violation itself creates a legal presumption that the consequences thereof are a proximate cause or a cause in fact of the accident, and the burden is upon the plaintiff to rebut the presumption by proper and sufficient evidence.

■ No authority is cited to support this contention and we know of none. Suffice it to say that we do not answer the contention, for the facts plainly establish the contributory negligence of plaintiff.

Prosser on Torts, Sec. 34 (2d ed. 1955) we think is pertinent here. There it is said:

"The accepted rule now is that a breach of statute by the plaintiff is to stand on the same footing as a violation by the defendant. A few courts have held that the plaintiff's breach does not constitute contributory negligence as a matter of law, upon the ground that the statutes were enacted for the protection of others, and not of the actor himself. But it seems clear that safety statutes, such as speed laws and traffic rules, usually are designed for the broad purpose of preventing accidents or dangerous situations, in which plaintiff is quite as likely to be injured as the defendant; and it is not difficult to discover a policy to protect him by a standard of his own conduct, the unexcused violation of which is negligence in itself. * * *"

The traffic laws heretofore mentioned are designed to protect the occupants of vehicles against the very type of accident that occurred here. The plaintiff's violation of the ordinance and statute was negligence in this case for by driving in the wrong direction he forsook the protection the statutes

were designed to afford him, and in so doing he endangered himself. Dixie Drive It Yourself Sys. v. American Beverage Co., 242 La. 471, 137 So.2d 298 (1962). Plaintiff's negligent conduct continued to the moment of the accident and it was therefore a proximate cause and a cause in fact of the injuries he incurred. In short it was contributory for the accident would not have happened but for his violation of the traffic statutes. D & D Planting Co. v. Employers Casualty Co., 240 La. 684, 124 So.2d 908 (1960).

For the reasons assigned, the judgment of the court of appeal is reversed and set aside. The judgment of the trial court is affirmed. All costs to be paid by plaintiff.

156 So.2d 465