164 So.2d 57 (1964)
Carrie HATTON, wife of/and Richard WHITTINGTON
v.
Retus M. GULLY, the Fidelity & Casualty Company of New York, and Red Stick Builders, Inc.
No. 1439.
Court of Appeal of Louisiana, Fourth Circuit.
May 4, 1964.
Rehearing Denied June 1, 1964.
*58 Garland R. Rolling, Metairie, for plaintiffs and appellants.
Christovich & Kearney, W. K. Christovich, New Orleans, for Retus M. Gully and Fidelity & Casualty Co. of New York, defendants and appellees.
Porteous & Johnson, Parnell J. Hyland, New Orleans, for Insurance Company of the State of Pennsylvania, defendant and appellee.
Before McBRIDE, YARRUT and CHASEZ, JJ.
McBRIDE, Judge.
Plaintiffs sue for damages for the death of their child, Charles Whittington, aged 10, which occurred on August 24, 1960, approximately at noon while the child was a guest passenger in a Ford automobile driven by Anita Whittington, who was then but 15 years old and who had secured her driver's license only a week before, which collided with a one-half ton Chevrolet panel truck driven by Retus M. Gully. The accident happened in the middle of the intersection formed by Sena Drive and Socrates Street in the Parish of Jefferson. The remaining defendants in the case are Gully and his alleged liability insurance carriers. From a judgment in favor of all defendants denying plaintiffs' demands, plaintiffs have taken this appeal.
The Ford was being driven in an easterly direction on Socrates Street; the truck was being operated on Sena Drive in a northerly direction. A stop sign confronted young Miss Whittington as she reached the intersection. No traffic signs or signals controlled traffic on Sena Drive. Although we are not concerned with the negligence of Anita Whittington, we deem it proper to recount some of her behavior immediately before and up to the moment of impact. She states that prior to her entry into Sena Drive she stopped two or three feet before reaching the stop sign, looked to her left, and seeing no approaching vehicles she then looked to the right, but the high weeds at the corner obliterated her vision and she was unable to determine if any vehicles were approaching from that direction on Sena Drive. Nevertheless, she claims she "eased out" and looked "around" the weeds; she could not say how far she could see or whether she was able to see at all. The crash then occurred. We are convinced that the front of the Ford crashed into the left side of the truck.
With all due deference to the young lady, we cannot believe her statement that she stopped before entering the intersection. We say this because the front portion of her Ford was badly mangled and the vehicle traveled some 85 feet after striking the truck. So violent was the impact that Miss Whittington and the deceased lad were thrown completely out of the car. Substantial damage was also inflicted upon the truck. It seems incongruous that within the short distance between her supposed stop at the sign at the threshold of the intersection and the point of impact she could *59 have generated enough speed to have caused such great damage to the respective vehicles and to have propelled her car for a distance of 85 feet after the crash.
The young decedent having been a guest passenger, if there was any fault on the part of Gully, plaintiffs are entitled to recover.
He is charged with several counts of negligence, viz., traveling at a rate of speed greater than the legal limit; failing to keep his vehicle under proper control; failing to maintain a proper lookout; failing to accord Anita Whittington the right of way which she had acquired by law; and failing to act as a reasonably prudent person would in the same or similar circumstances.
Retus M. Gully was 50 years old and an experienced automobile driver. His firm is engaged in the contracting business and he was using the truck in pursuit thereof at the time of the accident. He was familiar with the locus in quo and was cognizant of the fact that there was a stop sign to his left confronting motorists intending to enter the intersection from Socrates Street. He approached Socrates Street in a careful manner, and upon looking to his left he could see through the weeds on the corner that no car was stopped at the sign and that no vehicles were approaching the intersection on Socrates Street. He then proceeded onward; just as he was three or four feet from the intersection, the car driven by the young girl suddenly darted into the intersection from Socrates Street at a time when it was too late for anyone to avert the accident. We fail to find any evidence which would indicate that Gully was at fault in the accident or that any act of omission or commission of his contributed thereto.
The only specifications of negligence that need be discussed are the charges that Gully was traveling at a rate of speed over and above the prevailing maximum limit, and that he failed to accord Anita Whittington the right of way. Gully frankly admits telling the police officer who investigated the occurrence that he was traveling between 20 and 30 miles an hour in a 20-mile-perhour speed zone. Counsel for appellants argues that the record shows Gully was traveling at 30 miles per hour, but we disagree with him on that score as the admission made to the police officer is to the effect that the speed of the truck ranged somewhere between 20 and 30 miles per hour.
Although Gully was guilty of a technical violation of the speed regulation, there is no showing that such violation was a proximate cause of the death of the boy or had causal connection therewith. It is well settled that a speed slightly in excess of the speed limit is not necessarily a proximate cause of an accident. In making a motorist prima facie at fault for operation of an automobile in violation of the speed limit, LSA-R.S. 32:227 (then prevailing) provides that this is so in any accident "proximately caused by such operation." In the instant case the proximate cause of the accident was not the speed of Gully's truck, and we believe that the accident would have happened even if Gully had been traveling at exactly the legal rate or even at a lesser speed. Liability does not attach from a mere technical violation of regulations governing the speed of vehicles unless it appears the violation was responsible to some extent for the accident. Warner v. Insurance Company of the State of Pennsylvania, La.App., 129 So.2d 320; Service Fire Insurance Company of New York v. Indiana Lumbermans Mutual Insurance Company, La.App., 111 So.2d 358; Cone v. Smith, La.App., 76 So.2d 46; Vernaci v. Columbia Cas. Co., La.App., 71 So. 2d 417; Jinks v. Employers Mut. Liability Ins. Co. of Wisconsin, La.App., 45 So.2d 918; Kemp v. Donnes, La.App., 32 So.2d 383.
We have stated before that we are unwilling to believe that Anita Whittington stopped before her attempted crossing of Sena Drive, but even if she had made the stop, then her ill-timed entry into the intersection into the path of the oncoming truck *60 can be pointed to as the only cause of the tragic accident.
Gully was driving on a right-of-way street by virtue of stop signs confronting motorists traveling on Socrates Street. The jurisprudence is to the effect that a motorist on a right-of-way street possesses the right to assume that those approaching an intersection from a less-favored street will obey the law and yield the right of way to traffic on such favored street, and such motorist may indulge in this assumption until he sees or should see that the other motorist has not observed or is not going to observe the law. Henderson v. Central Mutual Insurance Company, 238 La. 250, 115 So.2d 339; Thibodeaux v. Travelers Indemnity Co., La.App., 131 So.2d 345; Noonan v. London Guarantee and Accident Company, Ltd., La.App., 128 So.2d 918; Allen v. State Farm Mutual Automobile Insurance Company, La.App., 120 So.2d 372; Insurance Co. of North America v. Gore, La.App., 106 So.2d 471.
With respect to the charge that Gully failed to accord the right of way to Anita Whittington, all we can say is the latter had no pre-emptive right of way as her counsel claims she had. She entered the intersection not knowing what traffic there was on Sena Drive approaching from her right although the truck was in close proximity, and under these circumstances she could not have gained any pre-emptive right of way. A motorist does not attain pre-emptive rights where he enters the intersection in a negligent manner such as Anita Whittington did without making any attempt to be on the lookout for vehicles on the intersecting street. Before he can successfully rely on pre-emption, the motorist must show that he made entry into the intersection at proper speed and sufficiently in advance of the car on the intersecting road to permit him to proceed on his way without requiring an emergency stop by the other vehicle. The entry into the intersection just a fraction of a second ahead of the other vehicles does not create a preemption. Glass v. Toye Brothers Yellow Cab Company, La.App., 160 So.2d 329; Emmco Insurance Company v. Globe Indemnity Company, La.App., 119 So.2d 516; Vernaci v. Columbia Cas. Co., supra; Lafont v. Nola Cabs, Inc., La.App., 65 So.2d 918; Aucoin v. Houston Fire & Cas. Co., La.App., 44 So.2d 127; Butler v. O'Neal, La.App., 26 So.2d 753.
For the above reasons, the judgment appealed from is affirmed.
Affirmed.