169 So.2d 592 (1964)
Mrs. Walter Joseph (Jennie Eunice) COURTAULT, Sr.
v.
GOVERNMENT EMPLOYEES INSURANCE COMPANY, Hartford Accident and Indemnity Company and Mrs. Bernice Hosselle.
No. 1589.
Court of Appeal of Louisiana, Fourth Circuit.
December 7, 1964.
LeBrun, McGee & Karno, Wallace C. LeBrun, Metairie, for plaintiff-appellee.
Hammett, Leake & Hammett, Gordon F. Wilson, Jr., New Orleans, for defendant-appellant, Government Employees Ins. Co.
Ogden, Woods, Henriques & Rives, Charlton B. Ogden, II, New Orleans, for defendants-appellees, Hartford Accident and Indemnity Co. and Mrs. Bernice Hosselle.
Before McBRIDE, SAMUEL and TURNER, JJ.
McBRIDE, Judge.
On December 15, 1962, about 2:10 p. m., while a guest passenger in an automobile driven by her husband, plaintiff sustained serious injuries when said vehicle collided with another in the intersection formed by Burgundy Street and Caffin Avenue, this city. Plaintiff brought suit against the liability insurer (Government Employees Insurance Company) of the car driven by her husband, also impleading other defendants. Government Employees Insurance Company made a third-party demand against Mrs. Hosselle, the owner of the other automobile involved and her liability insurer (Hartford *593 Accident and Indemnity Company) seeking to enforce contribution as among co-tort-feasors on the allegation that the driver of the Hosselle automobile was also negligent in the accident and that such negligence was a proximate cause thereof.
After a trial on the merits, plaintiff recovered judgment against Government Employees Insurance Company for $10,000.00; the latter's third-party demand against Mrs. Hosselle and her insurer was dismissed; Government Employees Insurance Company has prefected this appeal. Appellant makes no complaint of the judgment insofar as it runs in plaintiff's favor; its sole contention is that there was error in the dismissal of its third-party demand; therefore, the only question presented to us is whether there was any negligence on the part of the driver of the Hosselle automobile which contributed to the accident. In the event of such negligence, third-party defendants would be liable for contribution. See LSA-C.C. art. 2103.
Plaintiff's husband was driving on Burgundy Street in the direction of Canal Street at 15 miles per hour, and it is a conceded fact that he ignored a stop sign and entered intersecting Caffin Avenue. The Hosselle automobile (driven by the owner's son) was traveling on Caffin Avenue in a direction away from the Mississippi River; the two vehicles collided at about the center of the intersection, the Hosselle automobile striking the left rear wheel of the Courtault car, injuring plaintiff. Hosselle, when about 100-125 feet distant from the intersection, observed the Courtault automobile moving up Burgundy Street; noticing its slow speed he gained the impression it would stop in obedience to the traffic sign and accord vehicles traveling on Caffin Avenue the right-of-way. Hosselle had no reason to believe or anticipate that the Courtault car was not going to stop until he had reached a point 30 feet from the intersection, and then it was too late to avert an accident. The Courtault vehicle emerged into the intersection, and Hosselle immediately applied his brakes and swerved to his right but to no avail, and the two cars came into collision.
A stop sign officially erected has the effect of making an intersecting street a through right-of-way thoroughfare and endows motorists traveling thereon a preference over those traveling on the street on which the sign is erected. Whittington v. Gully, La.App., 164 So.2d 57; Hooper v. Toye Bros. Yellow Cab Co., La.App., 50 So.2d 829.
Appellant's counsel agrees Hosselle had the right-of-way but strenuously argues that the excessive speed at which he was driving contributed to the accident and rendered him as much guilty of negligence as was Courtault.
It is true the speed limit on Caffin Avenue is 20 miles per hour, and it is likewise true that Hosselle was traveling at 25 miles per hour. But we are convinced this accident would have happened even had Hosselle been driving at the legal speed. Accepted speed charts reflect that when a car is traveling at 20 miles per hour, a distance of more than 59 feet is required within which to bring it to a stop. Hosselle was confronted by a sudden emergency of Courtault's creation, and his testimony is to the effect that he had not the time or distance within which to stop or to execute his swerving maneuver to the right so as to miss the Courtault car.
As Hosselle was driving on a through street, he had every right to assume that those approaching the intersection from the less favored street would obey the law and yield the right-of-way to traffic on the favored street, and he could legally indulge in this assumption until he saw or should have seen that Courtault had not observed or was not going to observe the law. Wittington v. Gully, supra; Henderson v. Central Mutual Insurance Company, 238 La. 250, 115 So.2d 339; Thibodeaux v. Travelers Indemnity Co., La.App., 131 So. 2d 345; Noonan v. London Guarantee and *594 Accident Company, La.App., 128 So.2d 918; Allen v. State Farm Mutual Automobile Insurance Co., La.App., 120 So.2d 372; Insurance Co. of North America v. Gore, La. App., 106 So.2d 471.
Liability does not attach from Hosselle's technical violation of regulations governing the speed of vehicles as it does not appear the violation was responsible to any extent for the accident. See Whittington v. Gully, supra; Warner v. Insurance Co. of the State of Pennsylvania, La.App., 129 So.2d 320; Service Fire Ins. Co. of N. Y. v. Indiana Lumber. M. I. Co., La. App., 111 So.2d 358; Cone v. Smith, La. App., 76 So.2d 46; Vernaci v. Columbia Cas. Co., La.App., 71 So.2d 417; Jinks v. Employers Mut. Liability Ins. Co. of Wis., La.App., 45 So.2d 918; Kemp v. Donnes, La.App., 32 So.2d 383.
Appellant has cited several cases, all of which involve facts dissimilar to those before us. In Stewart v. Lowe, La.App., 140 So.2d 231, the driver on the favored street was deemed negligent for failing to anticipate the motorist on the intersecting street traveling at 12 miles per hour would not stop. However, in said case there was good reason for such an anticipation because the driver on the favored street should have seen that the other driver had violated one stop sign which should have brought home to him that he would likely violate the second. In Randall v. Baton Rouge Bus Company, 240 La. 527, 124 So.2d 535, the intersection was five cornered, unusual and particularly dangerous, which contrasts to the typical intersection in the instant case. Moreover, the vehicle was traveling at such high speed it should have been obvious to anyone that it would not stop. In Dixie Drive It Yourself Sys. New Orleans Co. v. American Beverage Co., 242 La. 471, 137 So.2d 298, the Supreme Court said a failure of the driver of a disabled vehicle to set out warning flares as required by law was negligence per se. But the Court also said, "this negligence is actionable if it was a legal cause of the collision", citing several authorities. In Parnell v. Connecticut Fire Insurance Company, 245 La. 16, 156 So.2d 462, the violation of the law was the proximate cause of the accident.
For the above reasons, the judgment appealed from is affirmed.
Affirmed.