LOTTINGER, Judge.
This is a suit in tort wherein the petitioner, Mrs. Ella Rose Passman Gerald, riding as a guest passenger in an automobile driven by her husband claims personal injuries as a result of an automobile accident. The defendant is Hartford Accident and Indemnity Company, the liability insurer of Cyril O. Koepp, the driver of the other vehicle. The Lower Court awarded judgment in favor of Mrs. Gerald in the sum of Three Thousand Seven Hundred Fifty and No/100 ($3,750.00) Dollars.
A companion suit entitled Gerald v. Hartford Accident and Indemnity Company, No. 6347, 173 So.2d 261, was consolidated with the present suit for the purposes of trial. The companion suit is by Mrs. Gerald’s husband against the same defendant for damages in tort. In this suit a re-conventional demand was filed by the defendant and, after trial, both the main demand and the demand in reconvention were dismissed. The reconventional demand was for recovery of medical payments made by defendant to its assured. ■
In suit No. 6348 the defendant, Hartford Accident and Indemnity Company, took a suspensive appeal. A suspensive appeal was also taken by Hartford, the defendant and plaintiff in reconvention in suit No. 6347. Both suits will be considered in this opinion, however, separate judgments will be rendered.
The facts disclose that the accident in question occurred on March 13, 1963, at approximately 7:10 a. m. at the intersection of Louisiana Highway No. 424 and Louisiana Highway No. 1070 in-the Parish of Washington, Louisiana. Although there is some question whether the highway was damp, the testimony indicates that it was not raining at the time of the accident.
Highway No. 424 is the favored thoroughfare, and Plighway No. 1070 makes a “Y” intersection into Highway No. 424. There is a stop sign for traffic along Highway No. 1070 at a distance of some 80 feet before the intersection.
Just prior to the accident, Mr. Cyril O. Koepp was driving his 1963 model Dodge automobile in a northerly direction along Highway No. 424. At a distance of approximately 250 feet south of the intersection there is a dip or hollow in Highway No. 424 at the bottom of which there is a curve in the highway. The curve ends at about the top of the dip. A car stopped at the stop sign along Highway No. 1070 is unable to see a car at the bottom of the dip, however, the testimony indicates that as a car along Highway No. 1070 would approach the intersection, the top and windshield of a car situated in the dip could be seen.
Mr. Koepp testified that prior to reaching the intersection, and while at a distance of some 200 to 250 feet therefrom, he was traveling at a rate of from 50 to 60 miles per hour. He noticed the automobile driven by Mr. Gerald approaching at a slow speed on Highway No. 1070 prior to his *260 entering the dip, but assumed that he would stop in obedience to the sign. Upon emerging from the hollow and while at a distance of approximately ISO feet from the junction, Mr. Koepp realized that the other vehicle would not stop, and he immediately applied his brakes. His action was not successful, however, and the impact occurred in Mr. Koepp’s lane of traffic at the intersection.
Mr. Gerald, on the other hand testified that, upon approaching the intersection, he had been driving at a speed of about 40 miles per hour, however, he applied his brakes and came to a “rolling stop”. He defined this as follows:
“I came to a very slow stop. I could have been barely moving and at that time I looked to my left and I looked to the right in both directions of the highway to see if any other vehicle was approaching and I didn’t see any so I changed gears.”
Mr. Gerald then testified that as he entered the intersection he saw the white colored automobile coming up over the hill and he cut his wheels to the left to avoid entering the highway, however, his car proceeded into the northbound lane occupied by the Dodge automobile. Mr. Gerald testified that he estimated the speed of the car driven by Mr. Koepp at 70 miles per hour. Mr. Gerald estimated that he first saw the Koepp automobile when it was about 75 feet distant.
With regard to the negligence of the drivers of the two vehicles, the Lower Court stated as follows:
“The latest cases of our Appeal Courts have given increasing recognition to the right of the motorist traveling on a right-of-way street to indulge in the assumption that traffic approaching intersections from less favored streets will observe the law and it is only an exceptional circumstance where the motorist on the favored street could have avoided the accident by the exercise of the slightest sort of observation, that he will be found derelict. On the other hand, the excessive speed of the Koepp vehicle under the conditions and circumstances was a contributing cause to the accident.”
We are not impressed with the testimony of Mr. Gerald with regard to the speed of the Koepp vehicle. His testimony was that he first noticed the Koepp vehicle when it was some 75 feet or more from him. At which time he estimated the speed of the Koepp vehicle to be 70 miles per hour.' The speed charts indicate that an automobile traveling at 70 miles per hour would cover 104.2 feet per second. On the other hand, a vehicle traveling at 60 miles per hour, which was the maximum lawful rate of speed, travels 87.6 feet per second. We do not believe that Mr. Gerald upon noticing a vehicle at such a short distance from him could accurately estimate the speed of that vehicle in a split second.
The testimony of Mr. Koepp, on the other hand, indicates that he first noticed that the Gerald vehicle was not going to stop when he was at a distance of about 150 feet from the intersection, at which time he immediately applied his brakes. Assuming that Mr. Koepp was traveling at the legal rate of 60 miles per hour, it would have taken him well in excess of 300 feet to come to a complete stop considering reaction time and total braking distance.
Although we do not believe that the preponderance of the credible evidence indicates that Mr. Koepp was exceeding the speed laws, in Courtault v. Government Employees Insurance Company, La.App., 169 So.2d 592, the Fourth Circuit Court of Appeal was faced with a situation where an accident occurred between one automobile which failed to stop at a stop sign and another automobile which was exceeding the speed laws. This accident occurred in New Orleans where the speeding vehicle was traveling at 25 miles per hour in a 20 mile per hour zone. In that case a *261 guest passenger in the automobile that ran the stop sign sued the insurer of the driver of the speeding vehicle and the Court held:
“Liability does not attach from Hos-selle’s technical violation of regulations governing the speed of vehicles as it does not appear the violation was responsible to any extent for the accident.”
Mr. Koepp was perfectly within his legal right in assuming that Mr. Gerald would obey the stop sign and yield him his right-of-way. He did not realize that the stop sign would be violated until he was within such a distance of the intersection as to be unable to come to a stop. We believe that the sole cause of this accident was the negligence of Mr. Gerald in not heeding the stop sign.
The record shows, upon applying his (Koepp) brakes, he did not immediately attempt to pull into the left lane of traffic because he did not know whether any oncoming traffic was approaching, however, upon seeing none he did attempt to cut to the left and at least his front wheel was across the center line at the time of impact. He testified that his entire lane of traffic was blocked by the Gerald vehicle.
With regard to the reconventional demand by Hartford, there are documents filed into the record showing that the insurance company paid Mr. Koepp damages in the sum of One Thousand Six Hundred Fifty and No/100 ($1,650.00) Dollars under the uninsured motorist phase of his policy. Counsel for both parties stipulated as to the correctness of this payment, and the plaintiff in reconvention in suit No. 6347 is entitled to recover said amount from Mr. Gerald. In the present suit, for the reasons hereinabove assigned, the judgment of the Lower Court will be reversed and there will be judgment in favor of defendant. Hartford Accident and Indemnity Company, and against petitioner, Mrs. Ella Rose Passman Gerald, dismissing petitioner’s demand at her cost.
Judgment reversed,