FRUGÉ, Judge.
This suit, instituted by Lenic Roy against defendants, Joe Broussard and his liability insurer, Southern Farm Bureau Casualty Insurance Company, seeks recovery for property damage to plaintiff’s automobile. Defendants have appealed the lower court’s judgment in favor of plaintiff.
The accident resulting in damage to plaintiff’s automobile occurred on Pinhook Road in the City of Lafayette, Louisiana, at about 6:00 P.M. on November 13, 1963. Pinhook Road is a four-lane street with a speed limit of 25 miles per hour in the vicinity of the scene of the accident. Plaintiff was proceeding southerly in the right, or outside, lane of travel slightly behind Kenneth Broussard, seventeen year old son of defendant Joe Broussard, who was driving southerly in the left, or inside, lane of travel. Plaintiff contends that Kenneth Broussard attempted to change lanes and in doing so forced plaintiff off the road, causing him to strike a fire hydrant. Defendants contend Kenneth Broussard remained in the left lane of travel and did nothing to cause the accident. Alternatively, defendants allege contributory negligence on the part of plaintiff.
Plaintiff Lenic Roy testified that he was driving at a speed of about 35 miles per hour when Kenneth Broussard, driving to the left and slightly ahead of him, turned toward the outside lane of travel, forcing Roy to pull to the right off the road, where he struck the fire hydrant. He was of the impression Kenneth Broussard’s maneuver was for the purpose of passing a preceding vehicle.
Kenneth Broussard and his guest passenger, Wayne Hebert, testified that Broussard was at all times driving in the left lane immediately prior to and at the time of the accident’s occurrence. They stated that the accident happened behind them. Although they corroborated each other as to the occurrence of the accident, there were major discrepancies in their version of how they returned to the scene of the accident. Their contradictions led the trial judge to indicate in his written reasons for judgment that he doubted their credibility.
The investigating police officers stated that although Kenneth Broussard at the time of the accident told them he was in the left lane, he also stated that he had intended to make a right turn. They testified that plaintiff Lenic Roy told them that he had been forced off the road by the Broussard automobile.
No citation of authority is needed for the proposition that this court will not disturb the trial court’s finding of fact in the absence of manifest error. Here the trial judge, having before him all the witnesses, accepted plaintiff’s version of the accident. We do not think there is error in this factual determination.
Defendants strongly urge that plaintiff was contributorily negligent in, among other things, operating his automobile at an excessive rate of speed. There was no doubt but that plaintiff was exceeding the legal speed limit. However, under the circumstances his action will not bar recovery.
Excessive speed by a plaintiff motorist will bar recovery only where that excessive speed constitutes a proximate cause of the accident. Warner v. Insurance Co. of State of Pennsylvania, La.App. 3rd Cir., 129 So.2d 320; Fontenot v. Liability Mutual Insurance Co., La.App. 3rd Cir., 130 So.2d 462; Courtault v. Government Employees Insurance Co., La.App. 4th Cir., 169 So.2d 592.
Here we can find no causal connection between plaintiff’s excessive speed and the occurrence of the accident. Thus, the excessive speed was neither a cause in fact nor a proximate cause of the automobile’s striking the fire hydrant. There is no showing that the accident was reasonably avoidable had the plaintiff been proceeding at the *788 legal speed of 25 miles per hour instead of his actual speed of about 35 miles per hour.
Defendants’ other allegations of contributory negligence are likewise without merit. Contributory negligence being an affirmative defense, the burden of proof in establishing such is on defendants. We think the defendants have failed to carry this burden.
For the reasons assigned herein, the judgment of the district court is affirmed. Defendants shall bear the cost of this appeal.
Affirmed.