SAVOY, Judge.
Plaintiff brought suit for injuries sustained in an automobile accident against two defendant insurance companies, Associated Indemnity Corporation, the liability insurer of her host driver, and Aetna Insurance Company, representing the other automobile involved.
Plaintiff’s petition sets forth, inter alia, that the accident occurred on August 5, 1963, at the intersection of North New Market and Bridge Streets in St. Martin-ville, Louisiana.
Trial in the lower court resulted in judgment against both defendants from which Associated Indemnity Corporation has appealed.
*692 The negligence of Aetna’s driver is conceded, and is not at issue on this appeal. Appellant contends, however, that its driver was in no way at fault, or at least in no way proximately causing the accident. Plaintiff contends that both drivers were at fault.
As relates to the instant case, the intersection in question is a blind one. North New Market Street runs north and south; Bridge Street runs east and west. Just east of the intersection there is a level-surface bridge which crosses Bayou Teche, and which is a part of Bridge Street. In the eastern part of the intersection, North New Market Street forms what amounts to a “T” intersection with Bridge Street in that South New Market Street, which continues south from the opposite side of Bridge Street, is west of North New Market Street. There are thus two traffic signal lights controlling the complete intersection, one immediately in front of North New Market Street, and the other at or near South New Market Street. The railing and other appurtenances of the bridge crossing the bayou make the intersection blind as between traffic going west on Bridge Street and south on North New Market Street.
The basic uncontested facts are as follows. At about 4:00 P.M., appellant’s assured, Mrs. Rita Wisdom, picked up her mother, the plaintiff-appellee, for the purpose of attending a birthday party. On the way to the party, they were headed south on North New Market Street. Mrs. Wisdom stopped for the traffic light at the intersection in question, and after the light turned green in her favor, she proceeded into the intersection and commenced a left turn onto Bridge Street. The other driver, Miss Anna Lee Hulin, the assured of Aetna Insurance Company, was going west on Bridge Street, approaching a then red traffic signal light. Miss Hulin admittedly did not stop for the light. A collision occurred, causing physical damage primarily to the front center of the Hulin car and to the left front fender area of the Wisdom car.
Plaintiff-appellee contends that Mrs. Wisdom left her own right-hand lane of travel on North New Market Street prior to, or just at the time, she reached the northern edge of Bridge Street, thus, in effect, cutting the corner in executing her left turn.
Considerable testimony was taken at the trial concerning where the collision occurred, and from which lane of travel Mrs. Wisdom departed North New Market Street, and the evidence is somewhat conflicting.
The one eye witness not involved in the collision was a Mrs. Pauline Eastin. She was going east on Bridge Street, in the opposite direction from Miss Hulin. She had stopped for the traffic light, and saw the collision occur. While her testimony is not entirely consistent, it appears that Mrs. Wisdom may, in fact, have angled in the process of making her left turn, and that she did not, therefore, make the turn directly under the traffic light in the center of the intersection.
Aldon Broussard, a wrecker driver who towed the Hulin car away after the accident, testified he found the Hulin car nearly beneath the traffic light with a puddle of oil under it. A scale drawing of the intersection which is in evidence shows that the distance from the traffic light to the western end of the bridge is some twenty-eight feet.
It should be pointed out that the Wisdom car was apparently moved after the accident, and consequently, its position in the intersection immediately following the collision is clouded.
C. J. Duchamp, another wrecker driver, testified that he found a pool of water and debris northeast of the traffic light.
There seems no doubt that the point of impact was in the northeast quarter of the *693 intersection to Mrs. Wisdom’s left side of the traffic light.
It is well settled in modern jurisprudence that a motorist on a favored street is entitled to assume that motorists on the unfavored street will respect his right-of-way. Bourgeois v. Francois, 245 La. 875, 161 So.2d 750. The same rule applies generally to blind intersections. Thibodeaux v. Travelers Indemnity Company (La.App., 3 Cir., 1961), 131 So.2d 345.
It is our view that the collision would have occurred most certainly, even if Mrs. Wisdom had been in her own proper lane of traffic, i. e., keeping to the right of the center of the intersection preparatory to making a left turn.
Miss Hulin, the driver of the other car, freely admitted that she was going 25 to 30 miles per hour and didn’t even know that there was a traffic light at the intersection. Hence, she did not even slow down but was proceeding right through the intersection at 25 to 30 miles per hour. Mrs. Wisdom did cut the corner a little bit and the point of impact was in the northeast quadrant of the intersection. But the left front of the Wisdom automobile struck the center of the front bumper of the Hulin vehicle. The wrecker operators (put the point of impact near the center of the intersection. The cutting of the corner by Mrs. Wisdom could not have put her car more than 10 or 12 feet closer to the Hulin vehicle than if Mrs. Wisdom had stayed to the right of the center of the intersection. The accident would have happened regardless of whether Mrs. Wisdom cut the corner. Consequently, if there was a technical violation of the statute governing left turns, it was not a proximate or contributing cause of the accident in the instant case.
For the reasons assigned, the judgment of the lower court is reversed insofar as it grants judgment against defendant-appellant, Associated Indemnity Corporation, and is otherwise affirmed.
Costs of this appeal are assessed against plaintiff-appellee.
Reversed in part and affirmed in part.
FRUGÉ, J., dissents for the reason that he is of the opinion that the trial court is correct.
On Application for Rehearing.
En Banc. Rehearing denied.
FRUGÉ, J., votes for rehearing.