311 So.2d 638 (1975)
Robert P. DANIELS, Plaintiff-Appellee,
v.
Shirley E. SOILEAU et al., Defendants-Appellants.
No. 4950.
Court of Appeal of Louisiana, Third Circuit.
April 21, 1975.
*639 Gamm, Greenberg & Kaplan by John Ford McWilliams, Jr., Shreveport, William B. Lynch, Bossier City, for plaintiff-appellee.
Lewis & Lewis, by John M. Shaw, Opelousas, for defendants-appellants.
Garrett & Ryland by Donald M. Garrett, Alexandria, for intervenor-appellee.
Before HOOD, MILLER and WATSON, JJ.
MILLER, Judge.
Defendants Shirley E. Soileau and his insurer Employers Liability Assurance Corporation, Ltd., appeal the judgment awarding damages to plaintiff Robert P.
*640 Daniels for injuries sustained in a head-on collision which occurred in Daniels' traffic lane. We affirm.
The accident occurred during daylight hours on the clear dry day of October 25, 1971. At the accident site, U.S. Highway 71 is a hard surfaced two lane highway running generally north and south. Each traffic lane is approximately twelve feet wide and has an eight foot shelled shoulder. Daniels was driving south in a 1970 Ford unmarked State Police car, and Soileau was proceeding north on his two row cotton picker which was mounted on a tractor. Shortly before the accident, both vehicles were traveling in their proper lanes on the paved portion of the highway. Daniels was driving about 60 mph (the speed limit) and Soileau was in his travel gear driving about 15 mph.
When the steering wheel of the tractor came off in Soileau's hands he applied the brakes causing the tractor to angle across into Daniels' southbound traffic lane. Daniels applied his brakes hard and left some 135 feet of skid marks before impact. He swerved to his right but remained on the hard surfaced road. Both vehicles remained near the impact point and both Daniels and Soileau thought their injuries were relatively slight. Daniels' vehicle was considered a total loss, but there were no photographs or repair estimates to indicate the physical damage to either vehicle.
Houston Fire & Casualty Insurance Company intervened claiming $1,826.42 in workmen's compensation benefits paid to Daniels. Finding Soileau negligent and Daniels free from contributory negligence, the trial court awarded Daniels $7,415.42, less the $1,826.42 awarded to intervenor. Appellants state that if they are liable, quantum should be affirmed.
We consider these issues: 1) was Soileau negligent, and 2) if so, was Daniels contributorily negligent?
Defendant's Negligence
The driver of a vehicle involved in an accident which occurred on the wrong side of the road has a heavy burden to exculpate himself from any fault, however slight, contributing to the accident. Simon v. Ford Motor Company, 282 So.2d 126 (La.1973); Rizley v. Cutrer, 232 La. 655, 95 So.2d 139 (1957).
This accident occurred in Daniels' traffic lane. Soileau attempts to exculpate himself by claiming the accident resulted from a latent defect in his cotton picker. He contends that he is not liable under the rule expressed in Cartwright v. Firemen's Insurance Company of Newark, New Jersey, 213 So.2d 154 (La.App. 3 Cir. 1968).
Defendant testified that during the three years he owned the cotton picker he had never before experienced steering trouble, and there was no indication the lock-bolt which held the steering wheel in place, was loose. The trial judge found the lock-bolt securing the steering wheel had come unscrewed, and this was not a latent defect because it was in plain sight.
One seeking to exonerate himself from fault when an alleged latent defect of his own vehicle causes the injury, has a heavy burden which cannot be met by uncorroborated testimony that he had no advance notice of the defect and that he used ordinary care to prevent failure of the part. The basis for this heavy burden is that the innocent injured person cannot reasonably be held to discover pre-accident evidence within the sole and exclusive knowledge of the person who has owned and maintained the defective instrument, unless its owner comes forth with some objective evidence, other than his own testimony, against which his defense of innocence of fault may be measured. Simon v. Ford Motor Company, 282 So.2d 126, 135 (La.1973).
Furthermore, tractors have separately controlled rear brakes. Had Soileau applied *641 the right rear brake harder than the left, he could have caused the cotton picker to stop on the right shoulder or at least in his proper traffic lane.
We find no manifest error in the trial court's conclusion that Soileau failed to exculpate himself from fault contributing to the accident.
Contributory Negligence
Defendants contend that Daniels was contributorily negligent for 1) speeding and 2) failing to keep a proper lookout.
Defendants have the burden of proving plaintiff's contributory negligence and its causal connection to the accident. Deshotels v. Southern Farm Bureau Casualty Ins. Co., 245 La. 23, 156 So.2d 465 (1963); Parnell v. Connecticut Fire Insurance Co., 245 La. 16, 156 So.2d 462 (1963).
The only eye-witnesses to the accident were Soileau and Daniels, and Daniels could not recall the incidents leading up to the impact. The physical facts and Soileau's testimony are the basis for the trial court's decision.
Defendants contend that Soileau stopped before impact and he was only two feet into Daniels' traffic lane. They argue that Daniels had ten feet of his traffic lane and eight feet of shelled shoulder available to avoid the accident. The trial court applied the sudden emergency doctrine to excuse Daniels from his failure to choose what subsequently appears to have been the better alternative. Barton v. Cox, 255 So.2d 501 (La.App. 1 Cir. 1971); Hightower v. Dixie Auto Insurance Company, 247 So.2d 912 (La.App. 2 Cir. 1971).
We find no manifest error in the holding that Daniels was confronted with a sudden emergency. There is evidence from which the trial judge could reasonably infer that by the time the steering wheel of the cotton picker came off and the cotton picker veered into Daniels' traffic lane, Daniels had progressed sufficiently close so that he was faced with a sudden emergency. Furthermore, the evidence is not conclusive that the cotton picker was stopped at impact, or that it was only two feet into Daniels' lane.
Defendants failed to meet their burden of proving plaintiff's contributory negligence.
We do not reach plaintiff's appeal (which seeks an increase in damages) because his appeal bond was not timely filed and he did not answer defendants' appeal. Failure to file the appeal bond within the appropriate delays (here LSA-C.C. P. art. 2087) constitutes a defect in the appellate court's jurisdictional right to hear and decide the appeal. The court will dismiss an appeal ex proprio motu when jurisdiction has not been established. Andras v. Hartford Accident & Indemnity Co., 224 So.2d 844 (La.App. 4 Cir. 1969). See also Mercadel v. Mercadel, 179 La. 895, 155 So. 391 (1934).
The trial court judgment is affirmed at defendants' costs.
Affirmed.