REGAN, Judge.
The plaintiffs, Mrs. Sadie Bautista, a passenger, and Angel Bautista, her husband, filed this suit against the defendant, Maryland Casualty Co., the automobile liability insurer of Lyle A. Salez, endeavoring to recover the sum of $52,059.50, representing damages for personal injuries and medical expenses which they assert were incurred by Mrs. Bautista as the result of the negligence of the defendant’s insured in the operation of his motor vehicle near the intersection of North Rampart and Ursu-Iines Streets.
The defendant answered denying the foregoing accusation of negligence and it then asserted that the proximate cause of the accident was the negligence of Mrs. Vernice Lonergan, the operator of the vehicle in which the plaintiff was a passenger.
From a judgment in favor of the defendant which dismissed the plaintiffs’ suit, they have prosecuted this appeal.
The record discloses that the collision occurred on September 30, 1964, at approximately 1:30 A.M. The plaintiff was riding as a passenger in an automobile owned by her husband but driven by her friend, Mrs. Vernice Lonergan. It was explained in the course of the trial that the plaintiff was riding as a passenger because she did not know how to operate the vehicle.
Several moments before the accident occurred, Mrs. Lonergan was driving in the right lane of North Rampart Street toward the West or in the general direction of Canal Street. When she reached the intersection of North Rampart and Ursulines Streets, a Rambler automobile being driven by an unknown person, endeavored to execute a left U turn from the east — or Es *124 planade Avenue-bound roadway of North Rampart Street into the west-bound lane. The obvious motivation for this maneuver was an effort to evade a New Orleans Police Department patrol car which was in the course of hot pursuit.
In any event, as the Rambler turned into the west-bound roadway, Mrs. Lonergan steered her vehicle to the right in an endeavor to avoid a collision. While the record is ambiguous as to whether the Rambler actually struck the Lonergan vehicle it is not disputed that the latter vehicle struck an automobile which was parked approximately four car lengths from Ursulines and adjacent to the curbing of North Rampart Street and then came to an. abrupt stop.
Prior to and at the time of the accident, the defendant’s insured, Salez, was driving his automobile behind the vehicle in which the plaintiff was riding. The evidence reveals that he had been following the plaintiff’s vehicle for some time, and remained “about two car lengths” removed therefrom. He estimated his speed to be approximately 30 miles per hour.
The record also discloses that Salez saw the Rambler execute the unexpected U turn when he was entering the intersection. He immediately applied the brakes of his vehicle but due to the precipitous and abrupt nature of the aforementioned collision together with the wet condition of the street, he was unable to stop before striking the rear of the plaintiff’s automobile. The plaintiff, Mrs. Bautista, asserts that as the result of this rear end collision her face struck the dashboard, which caused rather serious injuries to be inflicted upon her.
After evaluating the foregoing evidence, the lower court rendered a judgment in favor of the defendant predicated on the fact that the defendant’s insured, who was confronted with a sudden emergency, reacted as a reasonable and prudent man in an effort to avoid the collision and was therefore free of fault.
The initial question posed for our consideration on the appeal hereof is whether the doctrine of sudden emergency is a special defense, so that the omission of such a specific plea on the part of the defendant would effectively prevent the introduction of any evidence to show that such an emergency existed. The plaintiffs predicate the efficacy of their argument, that is, that the doctrine of sudden emergency must be specifically pleaded, upon the rationale of the Article 1005 of the Louisiana Code of Civil Procedure, which reads:
“The answer shall set forth affirmatively arbitration and award, assumption of risk, contributory negligence, discharge in bankruptcy, division, duress, error or mistake, estoppel, extinguishment of the obligation in any manner, failure of consideration, fraud, illegality, injury by fellow servant, transaction or compromise, and any other matter constituting an affirmative defense. * * * ”
In support of their contention that the doctrine of sudden emergency is a special defense which should be specifically pleaded, the plaintiffs point to the case of Fontana v. State Farm Mutual Automobile Insurance Company,[1] in which the Court of Appeal for the Third Circuit stated through the medium of obiter dictum that sudden emergency, being a defense rather than a condition which must be disproved by the plaintiff, is an affirmative defense encompassed by the rationale of Article 1005, and therefore must be first pleaded and then proved by the defendant. An analysis of this decision clearly discloses that the Court’s statement is dictum since it was ultimately of the opinion that the defense of sudden emergency had been properly pleaded by the defendant.
We are convinced and it is therefore our opinion that the doctrine of sudden *125 emergency is not an affirmative defense which must be specifically pleaded by the defendant in order to introduce evidence to establish the occurrence or existence thereof. On the contrary, similar to the doctrine of last clear chance, or discovered peril, sudden emergency is an element of the law of negligence which may be considered and evaluated by the trier of fact in reaching a conclusion relative to the standard or degree of care required of the defendant and the breach thereof under the individual facts of the particular case. We feel compelled to point out, as a practical matter, that all of the facts which constitute the occurrence' of a sudden emergency were explicitly set forth in the petition and the answer filed in response thereto. Upon the adoption of the Code of Civil Procedure, which occurred after much deliberation, it was finally settled that the State of Louisiana would maintain its system of fact pleading, and that notice pleading similar to that appearing in the Federal Rules of Civil Procedure would be rejected.[2]
The second question posed for our consideration is whether the action of the defendant’s insured in colliding with the rear of the plaintiff’s vehicle was excusable in view of the contention that he was confronted with a sudden emergency. The record discloses that the only indication that an extraordinary occurrence of any sort was imminent at the time that the plaintiff and the defendant’s insured were about to enter the intersection of North Rampart and Ursulines Streets was the flashing of the blue light of the police patrol car which was traveling in the opposite roadway, approximately two squares removed from them. This fact, of itself, certainly could not be considered as sufficient justification for the defendant’s insured to conclude that an automobile being pursued by the police patrol car would suddenly execute a U turn into the Canal Street-bound roadway of North Rampart Street and that the vehicle driven by Mrs. Loner-gan would unexpectedly collide with a parked car as a result thereof. There is no question but that the driver of the Rambler executed the U turn suddenly, without warning, and at a high rate of speed, and when the defendant’s insured saw the emergency and the collision developing, he reacted thereto with the prudence of the proverbial reasonable man, which means that he did everything that the law requires of him in order to avoid the accident and he was therefore free of fault.
In view of what we have said herein-above, we find no error in the conclusion reached by the trial judge and therefore the judgment of the lower court in favor of the defendant is affirmed.
The plaintiffs are to pay all costs incurred herein.
Affirmed.

. 173 So.2d 284 (1965).

. C.C.P. Art. 854. See Tucker, Proposal for Retention of the Louisiana System of Pact Pleading; Expose des Motifs, 13 La.L.Rev. 395 (1953); McMahon, The Case Against Pact Pleading in Louisiana, 13 La.L.Rev. 369 (1953).