LOTTINGER, Judge.
This is an automobile accident case wherein the plaintiff brings suit against her husband’s insurer and the insurer of the driver of a following automobile for injuries suffered by her as a result of an automobile accident. The Trial Court found in favor of both defendants, from which judgment the plaintiff has appealed.
The record points out that on the afternoon of May 10, 1968, between 3:30 and 4:00 p. m., the defendant Boyd McMullan was driving his Valiant automobile at approximately 40 to 45 miles per hour in an easterly direction on U.S. 190, and was occupying the outside lane of the two eastbound traffic lanes. The plaintiff was a passenger in the automobile driven by her husband, McMullan, and was seated in the right front seat. Lawrence B. Sandoz, Jr. was following behind the McMullan automobile at a distance of approximately 125 feet to 150 feet, in a 1968 Lincoln automobile and towing a 19 foot inboard-outboard boat on a trailer at approximately the same rate of speed that the lead, automobile was traveling. It had been raining intermittently during the day and the surface of the roadway was wet.
McMullan testified that as a vehicle passed him, it splashed a large quantity of water on his windshield which temporarily impaired his vision, even though his windshield wipers were in operation prior to the splash of the water, causing him to veer to his right, go off of the paved surface of the roadway and onto the shoulder, which was apparently under construction and in a soft and muddy condition. Both McMullan and his wife testified that he continued with the right or passenger side of his automobile off the roadway and on the shoulder for some distance, slowing *923 down as he went. As he attempted to bring his automobile back onto the road surface, his car spun around, placing him in the traffic lane, and facing the oncoming traffic.
Sandoz testified that he was following the McMullan automobile at approximately 150 feet away and when the wheels of the McMullan automobile went off of the roadway, the McMullan car immediately spun around. Sandoz stated that if the McMullan automobile continued for any distance on the shoulder, he did not see it. As soon as Sandoz saw the McMullan automobile whirl around, he applied his brakes, his car and trailer staying in the center of his lane. The left front side of the Sandoz car collided with the left front side of the McMullan automobile.
In finding in favor of the defendants, the Trial Court found that both drivers were faced with a sudden emergency, acted accordingly, and were not negligent.
The plaintiff-appellant contends that the defense of sudden emergency is an affirmative defense and must be specifically pleaded. From the answers filed by both defendants, it is noted that the insurer of Lawrence B. Sandoz, Jr. did not specifically plead sudden emergency, whereas the insurer of McMullan did specifically plead sudden emergency. " The appellant further contends that the facts do not present a situation of sudden emergency.
In support of the argument that the plea of “sudden emergency” is an affirmative defense, the plaintiff-appellant has cited to this Court the case of Fontana v. State Farm Mutual Auto Ins. Co., 173 So.2d 284 (La.App. 3rd Cir., 1965). The defendant in the Fontana case, supra, pleaded the sudden emergency in defense of the action by the plaintiff. The Third Circuit did state:
“Sudden emergency is a matter of defense to a claim of negligence, rather than a circumstance the plaintiff must negative in order to prove his claim of negligence. See Prevost v. Smith, La.App. 1 Cir., 197 So. 905, 915; Kaough v. Hadley, La.App. 1 Cir., 165 So. 748. The plea of sudden emergency is thus an affirmative defense, which must be (and herein was) pleaded by the party relying upon it, LSA-C.C.P. Art. 1005, who bears the burden of proving affirmative defenses pleaded and relied upon, Ray v. Martin, La.App.Orl., 117 So.2d 839.”
After this purely dictum statement, the Court in the Fontana case went further and found that there was no sudden emergency.
In Bautista v. Maryland Casualty Company, 201 So.2d 122, 124 (La.App. 4th Cir., 1967), the Court was squarely presented with the question of whether a plea of sudden emergency is an affirmative defense which must be specifically pleaded. In ruling that a plea of “sudden emergency” is not an affirmative defense, the Court said:
“The initial question posed for our consideration on the appeal hereof is whether the doctrine of sudden emergency is a special defense, so that the omission of such a specific plea on the part of the defendant would effectively prevent the introduction of any evidence to show that such an emergency existed. The plaintiffs predicate the efficacy of their argument, that is, that the doctrine of sudden emergency must be specifically pleaded, upon the rationale of the Article 1005 of the Louisiana Code of Civil Procedure, which reads:
“ ‘The answer shall set forth affirmatively arbitration and award, assumption of risk, contributory negligence, discharge in bankruptcy, division, duress, error or mistake, estoppel, extinguishment of the obligation in any manner, failure of consideration, fraud, illegality, injury by fellow servant, transaction or compromise, and any other matter constituting an affirmative defense. * * ’
“In support of their contention that the doctrine of sudden emergency is a spe *924 cial defense which should be specifically pleaded, the plaintiffs point to the case of Fontana v. State Farm Mutual Automobile Insurance Company, in which the Court of Appeal for the Third Circuit stated through the medium of obiter dictum that sudden emergency, being a defense rather than a condition which must be disproved by the plaintiff, is an affirmative defense encompassed by the rationale of Article 1005, and therefore must be first pleaded and then proved by the defendant. An analysis of this decision clearly discloses that the Court’s statement is dictum since it was ultimately of the opinion that the defense of sudden emergency had been properly pleaded by the defendant.
“We are convinced and it is therefore our opinion that the doctrine of sudden emergency is not an affirmative defense which must be specifically pleaded by the defendant in order to introduce evidence to establish the occurrence or existence thereof. On the contrary, similar to the doctrine of last clear chance, or discovered peril, sudden emergency is an element of the law of negligence which may be considered and evaluated by the trier of fact in reaching a conclusion relative to the standard or degree of care required of the defendant and the breach thereof under the individual facts of the particular case. We feel compelled to point out, as a practical matter, that all of the facts which constitute the occurrence of a sudden emergency were explicitly set forth in the petition and the answer filed in response thereto. Upon the adoption of the Code of Civil Procedure, which occurred after much deliberation, it was finally settled that the State of Louisiana would remain its system of fact pleading, and that notice pleading similar to that appearing in the Federal Rules of Civil Procedure would be rejected.”
We agree with the holding of the Fourth Circuit in the Bautista case, supra, and its holding that the plea of sudden emergency is not an affirmative defense.
We now come to the question of whether a sudden emergency was presented to each of the defendant drivers of the automobiles. We find that both drivers were operating their vehicles in a careful and prudent manner prior to the accident. We do not feel that a speed of from 40 to 45 miles per hour was excessive or unreasonable under the prevailing conditions at the time of the accident. The following automobile was anywhere from 125 feet to 150 feet behind the lead automobile, and we do not feel that this was an unreasonably short distance. Both the plaintiff and her husband testified that the windshield wipers were operating at the time that the wave of water hit their windshield. This caused momentary blindness on the part of Mr. McMullan, whereby he lost visual contact with Jhe road surface momentarily.
Both Mr. McMullan and his wife testified that he proceeded for some distance with one set of wheels on the shoulder before attempting to get back on the road surface. We do not find any negligence on his part.
Mr. Sandoz in operating the following vehicle was remaining back some 125 feet to 150 feet, which we feel was sufficient. As soon as he noticed the lead automobile commence its spinning motion, he immediately applied his brakes in an attempt to avoid the accident. We do not find any negligence on his part.
The plea of sudden emergency may be availed of only when the party pleading it is himself free from fault and has not contributed to the creation of the emergency. We do not find that either defendant was negligent nor contributed to the creation of the emergency.
Therefore, for the above and foregoing reasons, the judgment of the Trial Court is affirmed.
Judgment affirmed.