SARTAIN, Judge.
This consolidated case involves two separate claims for property damage arising out of an automobile accident. Plaintiff Hebert owned an automative repair building which was struck by the car of Shelby Gaudet with damages resulting to both the building and the car in the amounts of $285.00 and $886.77 respectively. Hebert also suffered $90.00 in loss of business while the building was being repaired. Gaudet’s collision insurer, The Travelers Indemnity Company, paid Gaudet $836.77 for the damage to the car, after subtracting the $50.00 deductible from the total amount, and acquired by subrogation the right to proceed to recover that amount *56 from defendants Louis P. Webert and The Hanover Insurance Company. It was alleged that Gaudet was forced to skid off the highway on which he was traveling due to the negligence of Louis P. Webert and that the damages described above were attributable solely to that negligence.
The trial judge found that Webert was negligent and that his negligence was the sole cause of the accident and resulting damages. Judgment was rendered against The Hanover Insurance Company, the liability insurer of the vehicle Webert was operating at the time of the accident, in favor of Howard Hebert in the amount of $375.00 and in favor of The Travelers Indemnity Company in the amount of $836.-77.
We affirm the judgment of the trial court.
The accident occurred about 5:30 a. m., while it was still dark, on October 25, 1968, on Louisiana Highway 1 a short distance north of Napoleonville. Prior to the accident Shelby Gaudet was proceeding south on Highway 1 at a speed of about 50 or 60 miles per hour, but not in excess of the 60 m. p. h. speed limit. As he rounded a curve in the road, he saw a large object, which he could not immediately identify, blocking both lanes of the road ahead. He applied his brakes, veered to his left across the north-bound lane and off of the highway. He skidded across the wet grass and into the side of the automotive repair building owned by Howard Hebert. The large object blocking the highway was a truck pulling two trailer compartments used for hauling sugar cane. Louis We-bert was a driver for the owner of the truck, the partnership of Landry and Pol-itz, and the truck was insured by the Hanover Insurance Company.
Webert had parked the cane truck overnight off the east side of Highway 1 facing north. Just prior to the accident, he had executed a U-turn onto the highway in order to proceed south toward Napoleon-ville. He entered the highway at a speed of about five miles per hour and, in making his U-turn toward the south, did block .both lanes due to the length of the entire truck and trailer. As he straightened out the vehicle in the south-bound lane, he heard the squealing of tires behind him, saw the headlights of Gaudet’s car leave the road and heard the crash. Webert then pulled his truck off the road onto the shoulder and went back to investigate the crash.
Thus, the situation may be summarized by stating that an automobile traveling 50 or 60 m. p. h. swerved off a highway to avoid a collision with a slow-moving vehicle which was blocking both lanes of travel while executing a U-turn in order to enter the highway.
The crucial question bearing on the alleged negligence of Webert is whether it was safe for him to execute a U-turn at the point where he entered the highway. And as to the alleged negligence of Gau-det, whether his action in leaving the highway was reasonable in order to avoid a collision with the truck or whether he should have been able to bring his car to a controlled stop while staying on the highway. We think these questions may best be answered by determining the distance between the curve in the highway and the point where the truck entered the highway.
Appellants urge most strongly that the evidence proves conclusively that Webert entered the highway at a point 400 to 500 feet south of the curve and that because of this distance the maneuver was undertaken with reasonable caution. They also urge that Gaudet had the same 400 to 500 feet after seeing the truck within which to bring his car to a controlled stop on the highway and that his failure to do so constituted negligence which caused the accident. In arriving at that estimated distance, appellants rely heavily on the testimony of the investigating officer, Trooper Larry Dominique, who did not witness the crash but who arrived at the scene shortly *57 afterward. Trooper Dominique nevertheless attempted to estimate several distances even though it is clear that he did not have the requisite knowledge upon which to base such estimates. In addition to the contradicting testimony of the parties and a witness who was present, Trooper Dominique’s own estimates are in conflict. He thought that the truck was parked about 200 feet south of the building that was struck and that Webert entered the highway at about that point. Since the building was about 200 feet south of the curve, as estimated by the owner Howard Hebert, that would account for the trooper’s estimate of at least 400 feet from the point in the curve where Gaudet saw .the truck and the point where the truck entered the highway.
However, Webert said he had parked the truck almost facing the building that was struck and commenced his wide U-turn from that point. That would indicate that he entered the highway only about 200 feet from the curve. This is in harmony with the testimony of Gaudet who said he was only 150 to 200 feet from the truck when he first saw it and began to take measures to avoid a collision by braking and leaving the road.
The trooper, after stating that Webert entered the highway 200 feet south of the building, estimated that the truck traveled 300 to 400 feet south before pulling off. Yet he estimated the total distance between the building and the point where the truck pulled off to be 300 to 400 feet — a discrepancy of 200 feet. In short, any estimate of distance by the trooper which would require actual knowledge of where the truck had been parked, where it had entered the highway or how far it traveled is valueless, inasmuch as he was not present to observe these facts.
All of the other testimony indicates that Gaudet had only 200 feet from the point in
the curve where he first saw that the road ahead was blocked by the truck in which to react and take action to avoid a collision. We agree with the conclusion of the trial judge that Gaudet’s decision to swerve off the highway in order to avoid a collision was not negligent under these circumstances. The distance Gaudet traveled during his reaction time was estimated to have been 50 to 60 feet and he left 102 feet of skid marks before leaving the highway. The momentum still sent his car skidding diagonally across the grass about 147 feet before striking the building. It does not appear that he could have come to a complete stop on the highway before running into the truck.
We also agree with the conclusion of the trial judge that Webert’s.negligence in attempting to enter a highway having a 60 m. p. h. speed limit in a long, slow-moving truck and trailer within 200 feet of a curve in that highway was the sole cause of the accident. Although there are cases indicating that a driver entering a highway may fulfill his duty of reasonable care by stopping and looking both ways for oncoming traffic, the size and nature of the entering vehicle, the speed of such vehicle and the length of time required to complete the entering maneuver are all factors which may modify or increase the standard of care required of the driver. Due to the length and slow entering speed of the cane truck and the time required to complete a U-turn on Highway 1 at this point, Webert cannot be said to have exercised the required care in attempting such a maneuver in such close proximity to the curve.
The judgment of the trial court is affirmed in all respects. The costs are to be borne by defendants-appellants, Louis P. Webert and The Hanover Insurance Company.
Affirmed.