SARTAIN, Judge.
This is an action for personal injuries arising out of an automobile accident which occurred at about 4:30 p.m. on December 24, 1970, near the village of Ethel in the Parish of East Feliciana. Plaintiffs Barton, Brooks and Robertson were passengers in a 1968 Chevrolet pick-up truck with a camper which was owned and being driven by one James Henry Dunn, Sr., in a northerly direction on Louisiana Highway 19. Defendant, Southern Farm Bureau Casualty Insurance Company (hereinafter called Southern Farm Bureau) was the liability insurer of the Dunn vehicle. Defendant Cox was operating his Lincoln Continental automobile in a southerly direction on Highway 19 and was the other driver involved in the collision. His liability insurer was defendant, United States Fidelity and Guaranty Company (hereinafter called U.S.F.&G.).
Mr. Dunn, the driver of the pick-up truck, later intervened in this action alleging that he also sustained injuries as a result of the negligence of Mr. Cox.
During the course of the trial on March 30, 1971, plaintiffs Barton, Brooks and Robertson and intervenor, Dunn, all agreed to enter a compromise settlement with defendants, Cox and U.S.F.&G. The judgments of dismissal with prejudice as to those defendants, however, were not rendered until April 21, 1971.
On May 7, 1971, judgment was rendered in favor of plaintiffs, Barton, Brooks and Robertson, and against the remaining defendant, Southern Farm Bureau, which then perfected this suspensive appeal.
The trial judge ruled that the accident was caused by the concurrent negligence of Cox and Dunn and rejected Dunn’s defense that he was confronted with a sudden emergency not of his own making. On the basis of the facts disclosed by the record, we think that the application of the doctrine of sudden emergency ■ is warranted and we reverse the trial court’s judgment.
Prior to the accident Dunn was slowing his truck to a speed of about 20 to 25 miles per hour and was preparing to pull over to the right a short distance ahead to discharge one of his passengers. He testified that his foot was on the brake pedal. He saw the Cox vehicle appear around a curve some distance ahead and partially leave the concrete surface to its right or the west side of the southbound lane. He testified that the Cox vehicle then “straightened up” but at a distance of 150 to 200 feet ahead swerved into the northbound lane and continued in that lane until the moment of the collision. Although plaintiffs contend that Dunn should have appreciated an iminent danger when Cox drove partly onto the right shoulder, such an incident is not so unusual as to forewarn a motorist in Dunn’s position of what was to come. Rather, his first warning was Cox’s swerving into the northbound lane after he had straightened out in the southbound lane. The physical evidence showed that the point of collision was actually in the southbound lane and that Dunn had, in fact, jerked his steering wheel to the left at the last instant, leaving 25 feet of skidmarks curving from his lane across the centerline to the point of collision. The physical evidence also showed that the Cox vehicle had *503 left scuff marks of 113 feet in the northbound lane and then crossed back into the southbound lane leaving another 33 feet of scuff marks before reaching the point of collision.
The speed of the Cox vehicle was estimated to have been at least 70 miles per hour. (The trial judge obviously rejected Cox’s whole account of the accident on the basis of credibility. After the accident, Cox was given an intoximeter test which indicated a 0.14 alcohol content in his blood. He entered a plea of guilty to the charge of D.W.I. Nevertheless, he testified that he had had only one gin and tonic and a part of a beer earlier in the day, that he was driving at about 50 to 55 miles per hour, that he never left his proper lane of travel, and that Dunn suddenly swerved into that lane an instant before the collision.)
At a speed of 70 miles per hour, Cox would travel 103 feet per second and, at a speed of 20 to 25 miles per hour, Dunn would travel 29 to 37 feet per second, so that just prior to the accident, they were closing at a rate of 132 to 140 feet per second. Even if we accept Dunn’s maximum estimate of the distance between them (200 feet) when Cox entered the northbound lane as accurate or even a bit conservative, it would appear that Dunn had less than two seconds within which to appreciate the danger, weigh the possible alternatives, make a decision and react. During most of that time, Cox remained in Dunn’s lane heading directly for him. Under these circumstances, we think the trial court erred in failing to find that Dunn was faced with a sudden emergency not of his own making. Dunn had only two alternatives: he could have pulled off the road to his right onto a grass shoulder or he could have swerved into the southbound lane. He chose the latter course of action and, unfortunately, at about the same time Cox returned to that lane. But the physical evidence of Dunn’s continuous skidmarks shows that he could hardly have done anything further after making that maneuver. The trial judge faulted Dunn for not choosing the course of action which in hindsight would have avoided the accident, but in this respect we think the court imposed too strict a duty on Dunn. Once a situation of sudden emergency arises, a motorist is not required to exercise the same degree of care and caution as is required of a person who has sufficient time to exercise full reason and judgment, and the failure to choose what subsequently appears to have been the better alternative to avoid an accident is not negligence.
The primary or crucial factors in determining whether a situation of sudden emergency exists are speed and distance as they relate to the point in time that a motorist recognizes or should recognize that a hazardous condition exists.
By way of comparison to those factors in the instant case, see Dupre v. Employers’ Liability Assurance Corporation, Ltd. 256 So.2d 738 (1st La.App.1971); McMullan v. Allstate Insurance Company, 242 So.2d 921 (1st La.App.1970), writ refused, 257 La. 990, 244 So.2d 859 (1971); and Hebert v. Hanover Insurance Company, 244 So.2d 55 (1st La.App.1971), in which the doctrine was applied, and David v. Houston Fire and Casualty Insurance Company, 242 So.2d 1 (3rd La.App.1971); and Nichols v. Aetna Casualty and Surety Company, 240 So.2d 568 (2nd La.App. 1970), in which the defense was rejected.
For the above and foregoing reasons, the judgment of the trial court is reversed and judgment is hereby rendered in favor of defendant, Southern Farm Bureau Casualty Insurance Company, and against plaintiffs, Claudis Barton, Leonard Brooks and David Robertson, dismissing said plaintiffs’ suits at their costs.
Reversed and rendered.