AYRES, Judge.
The plaintiff, Linwood Alvis, filed this suit against the defendants, Gary Davis and his insurer, Mid-Continent Casualty Insurance Company, endeavoring to recover the sum of $150,411.54, representing damages for personal injuries and medical expenses claimed to have been incurred by plaintiff as the result of negligence of Davis in the operation of his vehicle at the intersection of U.S. Highway 80 and Louisiana Highway 157.
The defendants answered denying the foregoing accusation of negligence and alleging that the proximate cause of the accident out of which this action arose was the negligence of the driver of a pickup truck with which plaintiff first collided. Alternatively, if defendant driver was found to be negligent, it is alleged that plaintiff was guilty of contributory negli-' gence which would preclude his recovery.
The record discloses the accident occurred on or about November 20, 1971, at approximately 1:10 a. m. U. S. Highway 80 is a four-lane divided highway running east and west, and Highway 157 is a two-lane highway running north and south. The intersection is at the top of a hill; there were flashing red lights facing traffic on Highway 157 and flashing yellow lights for traffic on Highway 80.
Plaintiff-Alvis was headed east on Highway 80 in his Chevrolet automobile. A pickup truck, driven by Clarence Wilson in a southerly direction on Highway 157, had crossed the westbound lanes of Highway 80 and stopped in the median separating the westbound and eastbound lanes. Wilson started across the eastbound lanes of Highway 80 directly in front of Alvis, and Alvis’ automobile hit Wilson’s truck. Alvis’ automobile came to rest crossways in the road, pointed in a southeasterly direction. It occupied all of the inside eastbound lane and part of the outside eastbound lane. The truck came to rest at the southeast corner of the intersection, off the road, partly on the shoulder. Each of the double traffic lanes, east and west, on Highway 80 at this point is 24 feet wide, and the shoulder is about eight feet wide.
Within a minute after this accident and before anyone had a chance to get out of his vehicle, the defendant Davis, driving a Mustang easterly in the inside lane of Highway 80, struck the Alvis Chevrolet broadside.
Davis testified he was driving at about 55 miles per hour and was about 200 feet from the stopped Alvis automobile before he saw it. When he saw the automobile blocking both lanes of traffic he put on his brakes hard and looked to the right for the possibility of going around the Chevrolet to the right. He saw the truck stopped on the right shoulder of the road and decided he could not get around it, whereupon he locked his brakes, but nevertheless skidded on into the Chevrolet.
The trial court found that defendant was confronted with a sudden emergency, that he reacted reasonably in the face of the situation, and thus was not negligent. From a judgment in favor of defendant, plaintiff appeals.
On appeal, plaintiff contends the trial judge improperly relied upon the doctrine of sudden emergency because it is an affirmative defense which was not pleaded by defendant Davis. However, in Bautista v. Maryland Casualty Company, 201 So.2d 122, 124-125 (La.App., 4th Cir., 1967), the court stated:
"We are convinced and it is therefore our opinion that the doctrine of sudden emergency is not an affirmative defense which must he specifically pleaded by the defendant in order to introduce evidence to establish the occurrence or existence *50 thereof. On the contrary, similar to the doctrine of last clear chance, or discovered peril, sudden' emergency is an element of the law of negligence which may he considered and evaluated by the trier of fact in reaching a conclusion relative to the standard or degree of care required of the defendant and the breach thereof under the individual facts of the particular case. (Emphasis supplied.)
Subsequent to the Bautista case, the First Circuit was confronted with the same issue and applied the rule therein enunciated. See McMullan v. Allstate Insurance Company, 242 So.2d 921 (La.App., 1st Cir., 1970 — writ refused).
The other question posed for our consideration is whether the actions of defendant Davis in colliding with the plaintiff’s automobile were excusable in view of the contention that he was confronted with a sudden emergency.
As stated before, defendant was driving at about 55 miles per hour, and the accident occurred at about 1:10 a. m. A passenger in Davis’ automobile testified that the accident was unavoidable, and witnesses who went up the road to flag traffic stated that, from a distance of 100 to 150 yards, they could not see the cars in the intersection, but could only see the taillights of the defendant’s car. The state trooper who investigated the accident stated that this intersection was difficult to see until one was right on it. A hill just before the approach to the intersection blocked or obscured one’s view.
Defendant was required to only act prudently in the face of the situation that confronted him. See Waller v. King, 188 So.2d 231 (La.App., 2d Cir., 1966). The accident, as we view it, under the circumstances, was unavoidable so far as the defendant Davis was involved.
Thus, we find no error in the conclusion reached by the trial judge. Therefore, the judgment of the lower court m favor of the defendants is affirmed at plaintiff-appellant’s costs.
Affirmed.